Calvin **PETTIGREW**, Jr., Plaintiff–Appellant,

v.

**UNITED STATES DEPARTMENT OF LABOR, et al., Defendants–Appellees.**

No. 01–3936.

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 2002.*

Decided July 11, 2002.

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

**ORDER**

In December 1994 Calvin Pettigrew, Jr., then a temporary mail handler for the United States Postal Service, injured his back on the job while unloading a truck. Pettigrew filed a successful claim to recover his medical costs under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq. In June 1995 he filed another FECA claim with the Office of Workers' Compensation Programs ("OWCP") in the Department of Labor ("DOL"), alleging a "recurrence of disability" from the December 1994 injury. In support of his claim Pettigrew submitted medical reports diagnosing lumbar strain

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

and disc herniation. In September 1995 the OWCP denied his claim, concluding that Pettigrew had failed to establish that his work accident caused his claimed disability. Pettigrew's subsequent administrative appeals to the DOL were denied. He then filed this action in federal district court against the DOL, the OWCP, the Employment Standards Administration, and the Secretary of Labor. Pettigrew alleges that he was denied benefits without due process of law; he seeks a new adjudication of his claim. The district court dismissed his complaint for lack of subject matter jurisdiction, concluding that judicial review of his benefits claim is prohibited by statute and that his constitutional claims are insubstantial.

The FECA forbids judicial review of federal workers' compensation decisions. 5 U.S.C. § 8128(b); *Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir.1996) (en banc). Although the FECA does not bar review of *constitutional* claims, *Czerkies*, 73 F.3d at 1442, a claim for benefits "cloaked in constitutional terms" is plainly barred under § 8128(b), *id.* at 1443. Consequently, Pettigrew may challenge constitutional errors in his administrative proceeding, but not the denial of his benefits claim. *Id.* at 1440. Much of Pettigrew's complaint unabashedly seeks review of the agency's benefits determination. For example, it alleges that the DOL and the OWCP failed to comply with regulations by not offering him a suitable job that accommodated his disability. This claim squarely revisits the merits of his benefits petition and is barred under § 8128(b). Pettigrew also complains that the Postal Service wrongly fired him and submitted false records to the DOL. The Postal Service, however, is not a party in this action (his previous suit against it was dismissed in 1998).

Pettigrew's complaint also purports to assail his administrative proceeding as violating his due process rights. He asserts that the DOL wrongly considered evidence submitted by the Postal Service; that the Postal Service had improper *ex parte* communication with the Secretary of Labor; and that the DOL violated its own procedural manual in administering and adjudicating his claim. We agree with the district court that such claims do not rise to the level of substantial due process claims. *See id.* at 1442–43 (employee's claim that his due process rights were violated when he was prevented from cross-examining his supervisor was insubstantial). Pettigrew's 38–page complaint repeatedly refers to "due process violations," but these are merely conclusory labels attached to his alleged grievances.

AFFIRMED.